BOYER, Chief Judge
(specially concurring).
I concur in reversal, but on a much narrower ground than that suggested by the majority opinion.
The Neelys were not entitled under the law to either notice or hearing in the probate proceedings. As recited in the majority opinion, the county judge denied confirmation of the sale and, on appeal, we affirmed. We may not now fault the trial court for refusing to go behind that order. Accordingly, insofar as the summary judgment now appealed may be construed as determining that the deed from the estate to the Neelys was ineffective to convey title, I would affirm. In my view, the record clearly reveals that there is no issue in that regard. However, in the complaint for declaratory relief by the Neelys against the administrator D.B.N. by which the action giving rise to the summary judgment here appealed was commenced, the plaintiffs alleged that “Plaintiffs have received in escrow deeds from the heirs of Curtis Bruten constituting more than 50% of ownership thereof, contingent upon distribution to said heirs of the proceeds of the sale to Plaintiffs”, and in the prayer of that complaint, the plaintiffs requested that the court “ * * * enter its order declaring and adjudging that Plaintiffs hold the former property of the estate free of any claims of said estate or any heirs thereof and for such other relief as the Court may think proper * * In the summary judgment here appealed, the learned trial judge recited that “ * * * FRANK E. NEELY and MARY L. NEELY, his wife, *1129 have no vested interest in the real property being and constituting the asset of the Estate of Crutis Bruten, deceased * * *.”
While agreeing that the deed from the estate to the Neelys was clearly invalid, I am not of the view that the record establishes the absence of material issues as to whether the Neelys otherwise have an interest or claim in said property.